IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3131-D

| | | |
|---|---|---|
| MICHAEL L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| C/O ROYSTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On July 20, 2011, Michael L. Jones, a state inmate, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1, 3]. Jones asserts that defendants, all correctional officers, violated his Eighth Amendment rights when they assaulted him on December 7, 2009, while he was incarcerated at Polk Correctional Institution ("Polk"). Id. On July 25, 2011, the court allowed the action to proceed [D.E. 6]. On February 23, 2012, Jones filed a waiver of service as to all defendants [D.E. 14]. On March 29, 2012, defendants answered the complaint [D.E. 19] and filed a motion for summary judgment [D.E. 20]. On June 4, 2012, Jones responded in opposition [D.E. 24]. On June 7, 2012, defendants filed a reply [D.E. 25]. As explained below, the court denies the motion for summary judgment without prejudice and directs the parties to file a proposed discovery schedule.

The parties agree on the following facts. On December 7, 2009, Jones was an inmate at Polk, housed in a high-security unit. Compl. ¶¶ 4, 11; Williams Aff. [D.E. 21-1] ¶ 5; Pl.'s Aff. [D.E. 24-1] ¶ 6. Following Jones's allotted recreation time, defendants Royster and Williams, who are Polk correctional officers, handcuffed Jones and led him back to his cell. Compl. ¶¶ 12–13; Williams Aff. ¶ 7; Pl.'s Aff. ¶¶ 8–9. When Royster and Williams attempted to close Jones's cell door, it would not

close. Compl. ¶ 14; Williams Aff. ¶ 10; Pl.'s Aff. ¶ 10. Defendants Royster, Williams, Crosson[1] and Nelson then used force on Jones. Compl. ¶¶ 15–22; Williams Aff. ¶¶ 14–15, 17–18. Following the incident, Jones was taken to Durham Regional Hospital. Compl. ¶ 27; Answer ¶ 27; Pl.'s Aff. ¶ 23. On March 3, 2010, Jones pleaded guilty in Granville County District Court to a misdemeanor charge of assaulting Williams, and was sentenced to 75 days' imprisonment. See Williams Aff. ¶ 21 & Defs.' Ex. C [D.E. 21-3]; Pl.'s Aff. ¶ 24.

Otherwise, the parties' accounts of the December 7th incident differ in virtually every material respect. Jones alleges that Royster and Williams argued with him then, along with Nelson and Crosson, assaulted him while he was handcuffed and "was not resisting or posing a threat" to the defendants. Compl. ¶¶ 12, 15–22; Pl.'s Aff. ¶¶ 8–21. Jones asserts he

> was diagnosed with a right patellar fracture, right humerus fracture, contusion on his right forearm, contusion on his left ankle, contusion on both wrists, lip laceration requiring a total of eight stitches, facial contusion, hematoma on his right middle finger and left ring finger, periorbital swelling (swelling of the tissue around the eyes), erythema (redness caused by increased blood flow under the skin) and tenderness over left lower jaw and lower lip and right temporomandibular joint (the joint connecting the jawbone to the skull), erythema on his back, and moderate tenderness and decreased range of motion on his right scapula (shoulder blade).

Compl. ¶ 28. Defendants "deny medical treatment was necessitated as the result of the use of excessive force or an assault." Answer ¶ 27.

Williams asserts that defendants' use of force was precipitated by Jones slipping his left hand out of his handcuff and striking Williams in the face with his right hand, and therefore defendants' use of force was "a good faith effort to maintain order and restore discipline." Williams Aff. ¶¶ 12–14. Williams asserts Jones's attack "opened a deep cut. . . . [which] required several stitches to close." Id. ¶ 13. Jones denies that Williams was injured. Pl.'s Aff. ¶ 25.

---

[1] In his complaint, Jones spelled this defendant's name as "Crawson." Compl. ¶ 9. It appears the correct spelling of this defendant's name is "Crosson." See, e.g., Answer ¶ 13.

2

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. Anderson, 477 U.S. at 252. "[T]here must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Id.

The Eighth Amendment protects inmates from cruel and unusual punishment. See Wilson v. Seiter, 501 U.S. 294, 298–99 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an excessive force claim under the Eighth Amendment, a prisoner must establish that "the officials act[ed] with a sufficiently culpable state of mind" and that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (alteration in original) (quotations omitted); see, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). "The core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore

3

discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (per curiam) (quotations omitted).

Defendants assert that Jones's action is barred in light of his guilty plea to assaulting Williams, either because his claim constitutes an attack on the validity of his conviction, in violation of Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), or because his guilty plea judicially estops him from asserting that defendants' use of force was not a good-faith effort to restore discipline. Mem. Supp. Mot. Summ. J. [D.E. 21] 6–10. Taking the facts in the light most favorable to Jones, defendants' argument fails. See, e.g., Lora-Pena v. F.B.I., 529 F.3d 503, 506 (3d Cir. 2008); Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007); Thore v. Howe, 466 F.3d 173, 180–85 (1st Cir. 2006); Brengettcy v. Horton, 423 F.3d 674, 683 (7th Cir. 2005); Smithart v. Towery, 79 F.3d 951, 952–53 (9th Cir. 1996); Getlin v. Zoll, 707 F. Supp. 2d 369, 376–77 (E.D.N.Y. 2010). At most, Jones is estopped from maintaining that he did not strike and injure Williams, but that conclusion does not necessarily mean that defendants' resulting use of force was not excessive. See, e.g., Gilbert v. Cook, 512 F.3d 899, 902 (7th Cir. 2008); Packer v. Hayes, 79 F. App'x 573, 574 (4th Cir. 2003) (per curiam) (unpublished). The court has considered the cases that defendants cite and finds them distinguishable.

Alternatively, defendants assert they are entitled to qualified immunity. Mem. Supp. Mot. Summ. J. 10–12. The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012); Brandon v. Holt, 469 U.S. 464, 472–73 (1985). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs,

4

475 U.S. 335, 341 (1986); see Reichle, 132 S. Ct. at 2093; Messerschmidt v. Millender, 132 S. Ct. 1235, 1244 (2012); Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2085 (2011); Pearson v. Callahan, 555 U.S. 223, 231–32 (2009).

The court must ask two questions to determine whether qualified immunity applies. See, e.g., Reichle, 132 S. Ct. at 2093; Pearson, 555 U.S. at 232; Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011); Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010); Unus v. Kane, 565 F.3d 103, 123 n.24 (4th Cir. 2009); Miller v. Prince George's Cnty., 475 F.3d 621, 626–27 (4th Cir. 2007). Courts have discretion about which question to address first. Pearson, 555 U.S. at 236. The court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." Id. at 232. The court also must determine "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. (quotation omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would have understood that what he is doing violates that right." al-Kidd, 131 S. Ct. at 2083 (quotations omitted) (alterations in original). The United States Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id.; see Reichle, 132 S. Ct. at 2093. Thus, defendants are entitled to summary judgment on qualified immunity grounds if the answer to either question is "no." See, e.g., Reichle, 132 S. Ct. at 2093; al-Kidd, 131 S. Ct. at 2080; Miller, 475 F.3d at 627; Bostic v. Rodriguez, 667 F. Supp. 2d 591, 606 (E.D.N.C. 2009).

Here, the record precludes a determination of qualified immunity at this time. On a more fully developed record, defendants may reassert this defense.

5

In sum, the court DENIES WITHOUT PREJUDICE defendants' motion for summary judgment [D.E. 20]. The court DIRECTS the parties to confer and file a proposed scheduling order (or separate proposed orders, if the parties cannot agree) no later than October 26, 2012.

SO ORDERED. This 8 day of October 2012.

JAMES C. DEVER III
Chief United States District Judge